# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gale Allen Rachuy, | Case No. 0:17-cv-00508-DWF-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bethel Work Release, Federal Bureau of Prisons, | |
| Respondents. | |

Gale Allen Rachuy, 2629 John Ave, Superior, WI, 54880, pro se petitioner

Ana Voss, Ann M. Bildtsen, David W. Fuller, United States Attorney's Office, 300 S 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondent Federal Bureau of Prisons

     The petitioner, Gale Allen Rachuy, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 17, 2017.  Pet., ECF No. 1.  For the reasons discussed below, the Court recommends that the Petition for Writ of Habeas Corpus be denied and this action be dismissed with prejudice.

## BACKGROUND

     Mr. Rachuy is currently serving a three-year supervised release term following his completion of a 90-month prison term imposed by the United States District Court, Western District of Wisconsin for Knowingly Transporting Stolen Property Across State Lines in violation of 18 U.S.C. § 2312.  Resp. at 2, ECF No. 7.  When he filed his petition, he was residing at respondent halfway house, Bethel Work Release, in Duluth, Minnesota.  Pet. at 1.  He was then placed on home confinement in Superior, Wisconsin.  Resp. at 2.  His expected release date was June 23, 2017.  *Id.*  He is in the custody of the respondent, Federal Bureau of Prisons ("BOP").  *Id.*

Prior to his imprisonment for the above-referenced charge, Mr. Rachuy accumulated significant time in custody from various state and federal matters. The following outline reflects the Court's understanding of Mr. Rachuy's history of incarceration leading up to his federal sentence.[1]

- July 2010: Mr. Rachuy was arrested in Douglas County, Wisconsin on July 16. He was extradited to Carlton County, Minnesota on July 21 related to charges of Theft by Swindle and Issuance of a Dishonored Check. He was released on bond on July 23, and the case was later dismissed.

- September 2010: Mr. Rachuy was indicted in the Western District of Wisconsin and charged with four counts of Interstate Transportation of a Stolen Vehicle. He was in custody from his arrest on September 1 until his release on bond on September 3. This indictment ultimately led to the sentence now at issue.

- September 2010 through December 2010: Mr. Rachuy was arrested on September 13 in Ramsey County, Minnesota after his release pending an appeal was revoked. He remained in Ramsey County Jail and in Ramsey County's primary custody, though he was brought into federal custody on a writ of habeas corpus *ad prosequendum* for two weeks to address a superseding indictment in the Wisconsin federal case, and then was returned to Ramsey County Jail. On December 13, he was sentenced for a Ramsey County check-forgery case and received custody credit for two years and 231 days. His Ramsey County release date was calculated as November 7, and the time thereafter was considered overserved.

- December 2010: Mr. Rachuy spent additional time in custody between his sentencing in Ramsey County and his transfer to St. Louis County to face an outstanding warrant.[2] On December 23, Mr. Rachuy was released on bond from St. Louis County.

---

[1] For ease of reading, the citation information for the information below is as follows: Resp. at 2-5; Kitka Decl., ¶¶ 4-22, 37, Ex. A at 3-5, Ex. E at 3, Ex. G at 3, Ex. H, Ex. K at 2-3, ECF No. 8.

[2] Though the government's memorandum describes this time as in "various correctional facilities in Minnesota" and the BOP's inmate data reflects custody credit for this time, the Statewide Supervision System summary does not explain the context of this custody. Resp. at 4; Kitka Decl., ¶ 10, Ex. H. As a result, the Court cannot be more specific as to the details of this period.

- January 2011: Mr. Rachuy was arrested in Burnett County, Wisconsin on January 26 for Issuance of Worthless Checks. He was released on bond the same day, and the case was ultimately dismissed.

- February 2011 through December 2011: Mr. Rachuy was arrested on a warrant issued by the Wisconsin federal court and held in federal custody throughout this time. However, he was briefly transferred during this time pursuant to a writ of habeas corpus *ad prosequendum* to St. Louis County for a trial regarding a charge of Issuance of Dishonored Checks in May. On May 23, he was sentenced in St. Louis County to a 60-month prison term and received 143 days of custody credit.[3] He was returned to federal custody on May 26.

- February 2012: On February 3, Mr. Rachuy was sentenced by the Wisconsin federal court to 90 months in prison and a three-year supervised-release term, the sentence he is now serving. Against this sentence, he was given custody credit for 418 days and had a projected release date of June 23, 2017 via a good-conduct-time release.

The BOP provided a table of the dates for which Mr. Rachuy received custody credit toward his federal sentence. Kitka Decl., ¶ 4, Ex. A at 4. That table reflected that he received credit for all of the above-discussed time in custody with the exception of September 13, 2010 through November 7, 2010, which was clearly and exclusively credited towards his Ramsey County sentence. *See id.*, ¶ 10, Ex. G (showing sentencing in Ramsey County in December 2010 with credit for time served); *id.* ¶¶ 13-14, Ex. H (showing time spent in Ramsey County in service of that sentence from September 13, 2010 to November 7, 2010).

Mr. Rachuy argues that the BOP incorrectly calculated jail credit, failing to credit the time he served in Ramsey County Jail and St. Louis County Jail against his 90-month federal sentence. *See* Pet. Mr. Rachuy says he was advised he would "receive credit against his federal sentence" for incarceration in those facilities for "relevant" or "related" conduct, some of which he says was used to enhance his sentence. Pet.'s Mem. at 1, 3, ECF No. 3. Specifically, he believes he is entitled to an additional 17 months and 24 days from time served in Ramsey County and to four months and 22 days from time served in St. Louis County. *Id.* at 2.

---

[3] The government notes that it is unable to ascertain which dates the custody credit included. Resp. at 5.

-3-

## JURISDICTION

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means for challenging the BOP's computation of jail credit." *Aguilar v. United States*, 15-cv-487 (SRN/JSM), 2015 WL 5719166, at *3 (D. Minn. Sept. 29, 2015) (citing *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)). The BOP agrees. Resp. at 6. The BOP also agrees that venue is appropriate because Mr. Rachuy remained a federal prisoner despite his transfer to home confinement. *Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441, 124 S.Ct. 2711, 2721 (2004); *Schmanke v. U.S. Bureau of Prisons*, 847 F.Supp. 134, 136 n.3 (D. Minn. 1994)). Though Mr. Rachuy has been released from prison since the BOP filed its response, he remains "in custody" for the purposes of § 2241 relief. *See Maleng v. Cook*, 490 U.S. 488, 490-691, 109 S.Ct. 1923, 1925 (1989)(per curiam).

## ANALYSIS

Mr. Rachuy first asserts that "the sentence imposed of the federal court was <u>concurrent</u> with the Ramsey and St. Louis County cases," entitling him to custody credit for those cases. Pet.'s Mem. at 2. He claims the sentencing transcript reflects that he was granted credit for this time. *Id.* at 3. He also argues that he should receive credit for that time in custody because it was used "to enhance the sentence imposed by the federal court." *Id.*

As to the St. Louis County sentence, which Mr. Rachuy was still serving at the time that his federal sentence was imposed, the sentencing transcript and order both reflect concurrence. Pet., Ex. 1 at 32; Kitka Decl., ¶ 22, Ex. L at 3. Importantly, Mr. Rachuy was in primary federal custody during the St. Louis County trial and sentencing. Resp. at 14; Kitka Decl., ¶ 36. The BOP's documentation reflects that because he was in federal custody during this time, he received full credit against his federal sentence. Kitka Decl., ¶ 4, Ex. A at 4; *see also* Kitka Decl., ¶ 28, Ex. M at 6 ("All time spent in [federal] custody must be applied to the federal computation, regardless of any action taken by the state."); 18 U.S.C. § 3585(b)(granting credit for time served "as a result of the offense for which the sentence was imposed").

Ramsey County, however, is a different matter—Mr. Rachuy was not in primary federal custody while in Ramsey County Jail during either the Ramsey County proceedings or during any part of his sentence for that case. Though the Wisconsin federal court referred at times to the Ramsey County case at the federal sentencing

hearing, neither the sentencing order nor the hearing transcript reflect an intention that the federal sentence be run concurrent to the sentence in that case. *See* Pet., Ex. 1, *passim*. And a defendant generally cannot receive credit for time spent in custody that has been credited against another sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 1356 (1992). As a result, Mr. Rachuy properly did not receive credit for the Ramsey County Jail time to which he refers.

The cases Mr. Rachuy cites in support of his argument that Ramsey County's sentence should be credited against his federal sentence are distinguishable. For example, he cites *King v. Wyrick*, which involved an award of jail credit that was not previously credited to another sentence. Pet.'s Mem. at 3 (citing 516 F.2d 321, 323 (8th Cir. 1975)). He also cites *United States v. Tindall*, which discussed granting credit for time served for related conduct. *Id.* (citing 455 F.3d at 888). But *Tindall* does not contemplate granting custody credit for related offenses when custody credit for that time has been granted in another case, and absent an explicit order by the sentencing court regarding such credit. Rather, *Tindall* relies on the very same statute for calculating credit that the BOP relied on here, which explicitly contemplates custody credit only where it "has not been credited against another sentence." 18 U.S.C. § 3585 (b); *Tindall*, 455 F.3d at 888.

In Mr. Rachuy's submissions, he includes documents submitted to the BOP in his attempts to seek an administrative remedy. Pet., Ex. 1, *passim*. These documents argue that not all of Mr. Rachuy's time in custody in Ramsey County was credited toward that sentence:

> [T]he [Ramsey County District] Court imposed a 50 months sentence and I was in fact ordered that I need only serve 1/3 of that sentence, which would equate to a total of <u>17-months</u>, but had already served 2-years and 321-days, which equates to 34-months and 24 days. Whereas, 17-months and 24 days have not been credited against any other sentence.

*Id.*, Ex. 1 at 5. But the register of actions for the Ramsey County case provided by the BOP does not show any stayed portion of the 50-month sentence. Kitka Decl., ¶ 10, Ex. G at 3. Rather, it shows credit for the full two years and 321 days referred to by Mr. Rachuy. *Id.* And Mr. Rachuy properly received credit against his federal sentence for the overserved month. *Id.*, ¶ 4, Ex. A at 4. As a result, the Court concludes that

Mr. Rachuy has already received the proper amount of credit against his federal sentence for his time in both the St. Louis County and Ramsey County jails. He is not entitled to habeas relief or a reduction in his sentence.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Petition for Writ of Habeas Corpus (**ECF No. 1**) should be **DENIED**.
2. The matter should be **DISMISSED WITH PREJUDICE**.


Date: November 6, 2017                              *s/ Katherine Menendez*
                                                    Katherine Menendez
                                                    United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.